UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4292 MWF (GJSx)          **Date:** October 2, 2020
**Title:** Leemanuel Weilch v. GTB Agency, Inc., et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION WITHOUT PREJUDICE

On May 12, 2020, Plaintiff Leemanuel Weilch commenced this action against Defendants GTB Agency, Inc. and Nancy J. Park. (Complaint (Docket No. 1)).

On July 22, 2020, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than August 10, 2020, why the action should not be dismissed for lack of prosecution. (Docket No. 12). The Court told Plaintiff that he must apply to the Clerk for a default if a defendant ignored the proof of service. Specifically, the Court stated that if "Defendant does not timely file such a Response or ADA Application, Plaintiff must file an Application to Clerk to Enter Default … within five days after that Response or ADA Application due date [established by the proof of service]. Failure to do so will be deemed abandonment of this action and the Court will immediately dismiss it for lack of prosecution." (*Id.* at 2).

On August 7 and 10, 2020, Plaintiff filed Proofs of Service ("POS") on Defendant GTB Agency, Inc. and Nancy J. Park. (Docket Nos. 13 and 14). The POS on Defendant GTB reflected personal service on the agent for service of process on July 20, 2020; Defendant GTB's response was due August 10, 2020. The POS on Defendant Park reflected personal service on August 9, 2020; Defendant Park's response was due August 31, 2020.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-4292 MWF (GJSx)**              **Date:  October 2, 2020**

Title:     Leemanuel Weilch v. GTB Agency, Inc., et al.

Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

    Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

    Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Plaintiff was specifically warned that he must apply to the Clerk for entry of default within five days of the response due dates.  In this case, the applications were due on August 17, 2020 for Defendant GTB, and September 8, 2020 for Defendant Park.

    Accordingly, the action is **DISMISSED** *without prejudice*.

    This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

    IT IS SO ORDERED.